## 4479. YOUMANS *et al. v.* MOORE.

RUSSELL, J.   1. It is plain that neither the charge of the court nor the
omission to charge on the subject of counter-claim and set-off, of which
complaint is made, injuriously affected defendants (the plaintiffs in
error) ; for the jury, in their finding, reduced the amount claimed by
the plaintiff, by allowing, as credits on the note sued on, various items
of the account pleaded as a set-off.

2. In the absence of a timely demurrer thereto, the statement in the
petition that the defendants had been "notified of this suit in writing,
ten days before filing same," construed in connection with the allegation
in the first paragraph of the petition, to the effect that the defendants,
in their promissory note, a copy of which was attached to the petition,
promised to pay "10 per cent. attorney's fees," was a legally sufficient
basis for the recovery of attorney's fees, upon proper proof of these
allegations; and since the defendants, in their amended answer, ad-
mitted these allegations, the finding in favor of the plaintiff, for at-
torney's fees, was authorized.

3. Upon proof that a promissory note sued upon evidenced a transaction
separate and independent of prior accounts between plaintiff and de-
fendant, the presumption that the execution and delivery of the note
evidenced a settlement of antecedent transactions may be rebutted. But
unless the jury is satisfied that there is no connection between the note
and any prior accounts, the presumption arising from the execution of a
promissory note by one claiming to be a creditor upon an open account
of the payee of the note (that the note was given in settlement of all
differences between the parties and truly represents the state of their
mutual dealings) would be sufficient to authorize a jury to find a ver-
dict in favor of the payee of the note.   The judge did not err in charging
the jury that "The execution of a promissory note is presumptive evi-
dence of a full settlement of all debts up to date thereon, except such
as are especially excepted at the time; and where the maker sues the
payee for a debt alleged to have been due before the execution of the
note, the giving of the note to the payee is presumptive evidence that
he had paid the debt to the maker before or when the note was executed.
This presumption may be rebutted."

4. The use of the terms "paid" and "payments," in the instructions of the
court with reference to the set-off relied upon by the defendants, was
not apt, nor, in a technical sense, precisely appropriate, and yet this
reference to the defense presented by the defendants was not harmful,
for it was perfectly plain to the jury that the judge was referring to the

defense of set-off, as this was the only defense relied upon by the defendants, and the instructions given were pertinent.

*Judgment affirmed.*

DECIDED JULY 22, 1913.

Complaint; from city court of Swainsboro—Judge H. R. Daniel. September 20, 1912.

*Williams & Bradley,* for plaintiffs in error.
*Smith & Kirkland,* contra.