## 4936. DANIEL v. BROWDER-MANGET CO.

1. It has previously been decided in this case that the defendant against whom the verdict was rendered could be sued in the county where his principal resided, and that the plea to the jurisdiction was properly stricken. *Daniel* v. *Browder-Manget Co.*, 11 *Ga. App.* 789 (76 S. E. 166).

2. Discharge in bankruptcy of the principal defendant would not oust the court of jurisdiction of a defendant secondarily liable. This is so because the plea of bankruptcy is one of personal privilege (Collier on Bankruptcy (9th ed.), § 17, p. 404) and because there are circumstances under which one who has been discharged in bankruptcy may be compelled to pay a debt provable in bankruptcy; as, for instance, where the debt was not listed in the bankrupt's schedule and the creditor had no notice of the bankruptcy proceeding, or where, after the adjudication, a new promise to pay has been made by the debtor. *Shumate* v. *Ryan*, 127 *Ga.* 118 (56 S. E. 103). Where the court has jurisdiction of the person of one defendant when a suit is filed, the mere fact that

he is subsequently discharged upon some matter in avoidance will not prevent the court from proceeding to judgment against another defendant, jurisdiction over whom is dependent, not upon liability of, but upon jurisdiction over, the discharged defendant.

3. Where a demurrer to a plea is sustained with leave to amend, and subsequently an amendment is allowed and filed without objection, the original and the amended plea should be considered together in order to determine whether a defense is set forth.

4. The filing of an amendment to meet a ruling sustaining a demurrer is a waiver by the amending party of his right to except to the order requiring that the amendment be. made. *Brantley Co.* v. *Southerland,* 1 *Ga. App.* 804 (57 S. E. 960). But this rule does not operate conversely, and an unsuccessful exception to an order requiring an amendment does not prevent the filing of an amendment to meet the demurrer. Where the amendment is filed before exception to the order requiring it, the filing of the amendment may be urged as a waiver of the exception, but if not so urged, and if the exception be overruled on its merits, the suing out of the exception is not a good reason for refusing to consider the amendment.

5. It does not follow, however, that a plea amended without objection is to be treated, during the further progress of the trial, as setting forth a good defense; for a plea which is bad in substance may be ignored, or the defect may be taken advantage of by a motion to strike, or by objecting to evidence, or by an instruction from the court to disregard the plea, or in any other proper way. The law does not contemplate that a defendant shall prevail upon a plea which is bad in substance, unless the plaintiff is estopped from challenging its sufficiency by a judgment which he himself invoked. See *Kelly* v. *Strouse,* 116 *Ga.* 872 (2a), 879 (43 S. E. 280).

6. While the plea as amended is complex, confusing, and somewhat duplicitous, it sufficiently charges (in the absence of a special demurrer and as against a general attack that it sets forth no defense) that the note sued on was without consideration, and that the plaintiff, with knowledge of this fact, conspired and colluded with the person to whom the note was given, to collect the note from the defendant against whom judgment was rendered.

7. This being so, it was error to deal with the pleadings and to instruct the jury upon the theory that the only defense raised by the defendant was one of non est factum. This error having entered into and affected the whole trial, a new trial should have been granted to allow the defendant an opportunity to sustain his defense of want of consideration and to show that the plaintiff was not a bona fide holder.

DECIDED SEPTEMBER 9, 1913.

Complaint; from city court of Atlanta—Judge Reid. May 18, 1912.

*J. F. Golightly, H. A. Hall,* for plaintiff in error.

*Moore & Pomeroy,* contra.

POTTLE, J. The fundamental error into which counsel for the plaintiff and the trial court fell was in ignoring all the defendant's

pleas except the plea of non est factum. General and special demurrers to the answer were filed. Upon these demurrers the court passed an order striking all of the answer except so much thereof as set up the defense of non est factum, "with leave to amend in ten days from this date." Within the time allowed by the order the defendant amended his answer, and the amendment was allowed, "subject to objections." No objection to the answer as amended was ever filed. The defendant sued out a bill of exceptions, complaining of the order striking his original answer with leave to amend (11 *Ga. App.* 789, 76 S. E. 166). If the fact that he had acquiesced in this ruling by filing an amendment to meet the demurrer had been brought to the attention of this court when the case was before us on that bill of exceptions, it would have been held that by filing the amendment he had waived his right to except to the judgment requiring that the original answer be amended. But this fact was not brought to the attention of this court, and the exception was dealt with on its merits; it being held that the court properly sustained the demurrers to the original answer. As the defendant, in response to the order granting him leave to do so, filed an amendment, and no objections were made thereto, and no attack of any sort was made upon the answer as amended, the court should have considered the answer as amended, to determine whether it set forth any defense. *Olds Motor Works* v. *Olds Oakland Co.,* 140 *Ga.* 400 (78 S. E. 902). The fact that he excepted to the order requiring him to amend and that his exception to the order was not sustained did not amount to a waiver of his right to amend, which was granted by the order sustaining the demurrers to the original answer. However, if the answer as amended did not set forth any defense, it was properly ignored, because it is not necessary that a formal motion be made to strike an answer which is bad in substance. Unless the plaintiff is estopped to call in question the sufficiency of the answer, he may do so by objecting to the evidence, or by asking for an instruction to the jury to disregard the answer, or in any other proper way in which the matter may be brought to the attention of the court. Hence, the instruction which the court gave the jury, to the effect that the only defense which they need consider was that of non est factum, was proper, if the answer did not set forth any other valid defense. If it did, the instruction was erroneous and a new trial must necessarily result.

The answer as amended alleged that the note sued on was really never due to the American National Beverage Company, from whom the plaintiff acquired it, but that it was executed by the defendant and turned over to that company, with the understanding that it was not to become binding on the defendant until after he had examined into the affairs of the company and ascertained that the representations of its officers as to its financial standing were true. It is further averred that, as an inducement to the defendant to execute his note for stock in that company, it was represented to him that the company was capitalized at $400,000, with a paid-up capital of $100,000. It is further averred that, in consideration of the execution of the note, certain officers and agents of the American National Beverage Company promised to elect the defendant president of the company, at a large salary. It is also alleged that the American National Beverage Company was in fact insolvent when the note was obtained, unable to obtain credit, and was in bankruptcy at the time suit was filed; that it was not capitalized at $400,000 as represented and did not have a paid-up capital of $100,000. If all these things are true and the note was not in fact, as is alleged, due to the American National Beverage Company as a complete and binding obligation, but was simply to be held by it in trust until the defendant could ascertain the financial condition of the company, then the defendant had a good defense as against the company.

The allegations relied on to show that the plaintiff was not a bona fide holder of the note are loose and general; but in the absence of a special demurrer they are, in our opinion, sufficient to constitute a defense against the plaintiff. In the original answer it was alleged that the plaintiff conspired with the American National Beverage Company to fraudulently collect from the defendant the amount of the note. This was one of the allegations which was held to be indefinite and which the defendant was given leave to amend. In the amendment it is averred "that this note was taken by Browder-Manget Company at a time when the American National Beverage Company was unable to obtain credit, and that the said Browder-Manget Company is conspiring with the said American National Beverage Company to defraud the said H. T. Daniel out of the amount of this note." In other pleas it is averred that the plaintiff, when it took the note, did not pay full value for

it, and knew that the American National Beverage Company was insolvent. A general charge of conspiracy and collusion is insufficient as against a special demurrer, but there was no objection of any kind to the answer as amended. In effect the defendant simply repeated in the amendment the general allegations of fraud which were contained in the original answer, and hence, if the amendment had been objected to, it should not have been allowed. No objections having been filed to the answer as amended, the general averments of fraud and collusion were sufficient to raise an issue upon which the defendant was entitled to be heard before a jury. If, upon another trial upon the pleadings as they now stand, he can establish his plea of non est factum or prove that the plaintiff colluded with the American National Beverage Company, which was insolvent, to defraud him, that he was deceived and defrauded by that company, and that the plaintiff participated in the fraud and conspired with that company to fraudulently collect from him the amount of the note, he would be entitled to prevail, otherwise not.                              *Judgment reversed.*