### 5193. REEVES v. GOWER.

RUSSELL, C. J. 1. As to a plaintiff, the jurisdiction of a court is determined by the amount of the plaintiff's demand as shown by the pending action; and where it thus appears that the court was without jurisdiction of the subject-matter at the time the suit was filed, a waiver on the part of the plaintiff of a portion of his demand will not have the effect of conferring upon the court jurisdiction of an action upon a demand which originally exceeded the amount of which the court had jurisdiction.

2. In an action brought to recover upon a promissory note (a copy of which is attached to the petition), stipulating for the payment of attorney's fees, an allegation that "in terms of the law the petitioner gave to the defendant notice of his intention to bring suit at this term of the court unless said note was paid on or before the last return day of said term, and that the defendant failed to pay said note" is sufficient, in the absence of a special demurrer, to authorize the introduction of such proof in support of the allegation as would entitle the plaintiff to recover attorney's fees upon the note. This averment can be construed as a demand for attorney's fees.

3. It appearing that the addition of attorney's fees to the principal made an amount beyond the jurisdiction of the court. (*Peeples* v. *Strickland*, 101 *Ga.* 829 (29 S. E. 22), and citations); the affidavit of illegality to the fi. fa. issued on the judgment rendered on the note (in which affidavit this fact was set up as a ground of illegality) should have been sustained.　　　　　　　　　　　　　　*Judgment reversed.*

DECIDED JANUARY 27, 1914.

Affidavit of illegality; from city court of Monroe—Judge Stone. August 6, 1913.

*Walker & Roberts,* for plaintiff in error

*W. O. Dean,* contra