### 15505. McKIBBEN *v.* LUTHER WILLIAMS BANKING COMPANY.

1. Discharge of the resident defendant upon a matter of avoidance not existing when the suit was brought will not prevent the court from proceeding to judgment against the nonresident defendant, in an action against joint and several obligors residing in different counties, where

the court had jurisdiction of both defendants at the commencement of the action.

2. An action brought in the name of a certain "banking company" could be amended by alleging that 'the plaintiff was a partnership composed of named individuals.

3. Where an action on a promissory note signed "Akin & Company" and payable to a banking company was brought by the payee against persons whose names appeared on the back of the note, and the petition alleged that the note was "executed and indorsed by said defendants in favor of petitioner," a new cause of action was not stated by an amendment alleging that the note was executed "by Akin & Company, a Georgia corporation," and indorsed by the defendants "as sureties;" and the court did not err in allowing the amendment.

4. If the defendant pleads to the merits without protestation as to the jurisdiction, or without simultaneously pleading as to it, jurisdiction of the person is waived and a plea to the jurisdiction should not thereafter be considered. The court did not err in overruling the oral motion by which the defendant, at the conclusion of the evidence, attempted to set up want of jurisdiction as to himself, upon the ground that the evidence showed that he was not a surety, but was a guarantor, as alleged in an amendment to his plea, and that the petition showed that he was a nonresident of the county of the suit.

5. It cannot as a matter of law be held that the evidence shows that the contract of the defendant was one of guaranty.

6. The inclusion of interest and attorney's fees in the judgment, in accordance with the terms of the note sued on, was proper, under the pleadings.

DECIDED JUNE 10, 1924.

Complaint; from city court of Macon—Judge Gunn. February 23, 1924.

The Luther Williams Banking Company sued T. N. McKibben, a resident of Bibb county, Georgia, and J. H. McKibben, a resident of Butts county, Georgia, upon a promissory note executed by Akin & Company to the plaintiff. On the back of the note appeared the names "Thomas N. McKibben," "L. R. Akin," and "J. H. McKibben." In addition to the usual allegations the petition alleged that the note sued upon was "executed and indorsed by said defendants in favor of petitioner." T. N. McKibben filed a plea of bankruptcy, alleging that he was adjudicated a bankrupt after the filing of the suit. J. H. McKibben filed a plea to the jurisdiction, in which he alleged, in substance, that he was a resident of Butts county, and that the city court of Macon, being a court of Bibb county, did not have jurisdiction as to him, because the other defendant, T. N. McKibben, a resident of Bibb county, was adjudicated a bankrupt after the filing of the suit. A

demurrer to this plea was sustained, and J. H. McKibben excepted pendente lite. J. H. McKibben filed also general and special demurrers, and an answer. Thereupon the plaintiff filed two amendments to its petition, one alleging that The Luther Williams Banking Company was "a partnership composed of Luther, F. E., F. W., R. H., and H. V. Williams," and the other alleging that the note sued upon was executed "by Akin & Company, a Georgia corporation," and indorsed by the defendants "Thomas N. McKibben and J. H. McKibben as sureties." These amendments were allowed over objections, and J. H. McKibben then filed a special demurrer to the petition as amended, on the ground that it set out a new cause of action. This demurrer was overruled, the general demurrer and other special demurrers were also overruled, and to all these adverse rulings J. H. McKibben excepted pendente lite. Thereafter he filed an amendment to his original answer, in which amendment he alleged, in substance, that he was not a "surety" or "indorser," but a "guarantor." This amendment was allowed, and the case proceeded to trial before the judge, who by agreement tried it without a jury. At the conclusion of the evidence for both sides J. H. McKibben made an oral motion to dismiss the case, and especially as against him, upon the ground that the pleadings and the evidence showed that he was a guarantor, residing in Butts county, and that Thomas N. McKibben had been jointly sued with him. This motion was overruled, and he excepted pendente lite. Thereupon the judge rendered a verdict and judgment in favor of the plaintiff against J. H. McKibben for the full amount of principal, interest, and attorney's fees. J. H. McKibben made a motion for a new trial, which was overruled, and the case came to this court upon a bill of exceptions assigning error upon the exceptions pendente lite and upon the overruling of the motion for a new trial.

*W. T. Davidson,* for plaintiff in error.

*Brock, Sparks & Russell,* contra.

BROYLES, C. J. (After stating the foregoing facts.)

1. The plea to the jurisdiction was properly dismissed on demurrer. This court has held that in a suit against joint and several obligors residing in different counties, where the court has jurisdiction of them both when the suit is filed, the mere fact that the resident defendant is subsequently discharged upon some

matter in avoidance not existing at the commencement of the action will not prevent the court from proceeding to judgment against a nonresident defendant. *Daniel* v. *Browder-Manget Co.,* 13 *Ga. App.* 392 (2) (79 S. E. 237). Under this ruling, the court did not lose its jurisdiction over the nonresident defendant because of the bankruptcy (even assuming a discharge therein) of the resident defendant, occurring after the institution of the action. Regardless of the soundness of the entire ruling contained in the second headnote of the decision just cited, the soundness of so much of it as is applicable to this case is not doubted. Therefore the request of the plaintiff in error, that this decision be reviewed and overruled, must be declined. *McKibben* v. *Fourth National Bank of Macon,* 32 *Ga. App.* 222 (122 S. E. 891).

2. The defendant demurred to the petition upon the ground that it "is brought in a name which is neither that of a natural person, a corporation, nor such artificial person as is recognized by the law as capable of suing or bringing such a petition," and upon the further ground that the "petition does not allege that the plaintiff is a corporation, nor is it alleged in said petition that plaintiff is a partnership, nor does said petition import that plaintiff is a corporation, partnership, or natural person." To meet this demurrer the plaintiff filed an amendment to its petition (originally brought in the name of the Luther Williams Banking Company), in which amendment it specifically alleged that the plaintiff company was a partnership composed of named individuals. The court did not err in allowing this amendment over the objection of the defendant, or in thereafter overruling the demurrer. In the case of *Perkins Co.* v. *Shewmake,* 119 *Ga.* 617 (46 S. E. 832), it was held that a suit against "The C. H. Perkins Company is not void, these words importing a corporation," and that "a petition in such a suit may be amended by alleging that the company is a partnership composed of named individuals." See also the case of *Bremen Foundry &c. Works* v. *Boswell,* 22 *Ga. App.* 434 (96 S. E. 182), where this court states the rule as follows (p. 436): "In a case in which the name of the plaintiff might import either a corporation or a partnership, the defendant, upon calling for the information by timely and appropriate demurrer, is entitled to know from the plaintiff the exact nature of his legal entity; and, upon the filing of such objection, the plain-

tiff, if it be a corporation, should by amendment so state; and if it be a partnership, it should amend by so alleging, and also by setting out the names of the partners."

3. The defendant demurred also upon the ground that the suit could not be maintained against him as an indorser of the note sued upon, for the reason that it is alleged in the petition that he "executed and indorsed" the said note, whereas the note, attached to the petition, shows on its face that it was not "executed" by the defendant, that he was not the payee thereof, that his indorsement of the note was not made for the purpose of passing title thereto, and that he never was the owner of the note. To meet this ground of the demurrer the plaintiff filed an amendment in which it alleged that the note sued upon was executed "by Akin & Company, a Georgia corporation," and indorsed by the defendants, "Thomas N. McKibben and J. H. McKibben, as sureties." The court did not err in allowing this amendment and in thereafter overruling the defendant's demurrer. Nor did the court err in overruling a special demurrer to the petition, as thus amended, upon the ground that it stated a new cause of action: The amendment merely amplified and explained the allegation in the petition that the note was "executed and indorsed" by the defendants, so as to make such allegation conform to the note, which was attached to and made a part of the petition, and which showed conclusively that it was executed by Akin & Company and indorsed in blank by Thomas N. McKibben, L. R. Akin, and J. H. McKibben. Obviously, the original petition was not brought against the defendant as a maker merely because it alleged that he "executed" the note. It is also obvious that the original petition was not proceeding against the defendant upon a strict contract of indorsement merely because it alleged that he "indorsed" the note sued upon, since the note, which was a part of the petition, showed clearly that it was not indorsed for the purpose of negotiation or for the purpose of transferring title thereto.

4. After amending his plea to the merits by alleging that he was a "guarantor" and not a "surety," and after both sides had introduced evidence and closed, the defendant made an oral motion to dismiss the suit, upon the ground that the petition alleged that he was a resident of Butts county, Georgia, at the time suit was filed, and that he was jointly sued with Thomas N. McKibben,

a resident of Bibb county, Georgia, in the city court of Macon, and that the evidence adduced showed that he was a guarantor and not a surety. This motion was tantamount to a plea to the jurisdiction. Aside from the question as to whether or not the evidence showed that the defendant was a guarantor (which question will be hereinafter discussed), the petition shows that the defendant, a resident of Butts county, was sued with his co-obligor, T. N. McKibben, a resident of Bibb county, in the city court of Macon, upon an ordinary promissory note. Therefore, on the face of the pleadings, there was nothing that showed that the city court of Macon did not have jurisdiction over the person of the defendant, and the only legal way the defendant could have objected to the jurisdiction of the Bibb-county court would have been to file a plea to the jurisdiction at the first term. No such plea was filed, and the court properly overruled the oral motion to dismiss the case. See, in this connection, *Cox* v. *Adams,* 5 *Ga. App.* 296 (2) (63 S. E..60), where it was held: "If the defendant pleads to the merits without protestation as to the jurisdiction, or without simultaneously pleading as to it, jurisdiction of the person is waived and a plea to the jurisdiction should not thereafter be considered."

5. In arguing the general grounds of the motion for a new trial the defendant contended that the evidence showed conclusively that he was a guarantor and not a surety. We cannot agree with this contention. In the testimony there is nothing that connects the defendant with the plaintiff banking company, other than his blank indorsement of the note sued upon. The mere fact that the officers of Akin & Company, the maker of the note, transferred to the defendant certain other notes in consideration for his guaranteeing the payment of the note to the plaintiff banking company was insufficient to create a contract of guaranty between him and the plaintiff, there being no evidence whatever that the banking company ever knew of the consideration moving from the maker of the note to the defendant. A contract of guaranty, like any other contract, is governed by the intention of the parties. "There must be mutual assent to the terms of the guaranty. That is, there must be, in some form, an offer of guaranty from the one party and an acceptance thereof by the other party, . . but if the guaranty is signed by the guarantor at the request of the

guarantee (the payee or creditor), or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him (the payee) of a valuable consideration, however small, is acknowledged in the guaranty the mutual assent is proved." 28 Corpus Juris, 898, 903. In the instant case the evidence fails to show that any such contract was entered into between the defendant and the plaintiff. It is true that section 3538 of the Civil Code (1910) declares that a contract of suretyship differs from a contract of guaranty in that "the consideration of the latter is a benefit flowing to the guarantor." However, this is only one of the tests to distinguish a contract of suretyship from a contract of guaranty. This is clearly pointed out in the case of *Baggs* v. *Funderburke*, 11 *Ga. App.* 174 (74 S. E. 937), where it is held: "The test laid down in the code, to distinguish a contract of suretyship from one of guaranty, is not decisive. As with other contracts, the whole matter is governed by the intention of the parties. For instance, in the usual indemnity contracts, the parties generally intend that the indemnitor shall be surety, although he receives an independent consideration. And again, sometimes a contract will be construed to be one of guaranty although the guarantor receives no consideration other than the benefit flowing to his principal." For other cases which show that the question of consideration is not the only distinction between a contract of suretyship and one of guaranty, see: *Manry* v. *Waxelbaum Co.*, 108 *Ga.* 14 (33 S. E. 701); *Eppens* v. *Forbes*, 82 *Ga.* 748 (9 S. E. 723); *Fields* v. *Willis*, 123 *Ga.* 272 (51 S. E. 280); *Watkins Medical Co.* v. *Marbach*, 20 *Ga. App.* 691, 693 (93 S. E. 270); *Georgia Casualty Co.* v. *Dixie Trust &c. Co.*, 23 *Ga. App.* 447 (98 S. E. 414). We cannot hold, as a matter of law, that the evidence in the instant case shows that it was the intention of the plaintiff and defendant that the contract should be one of guaranty.

6. There is no substantial merit in the contention that since the petition does not allege that the defendant is indebted for interest, and there is no prayer for the recovery of interest, the judgment rendered by the court is contrary to law because it includes interest and attorney's fees, the latter being ten per cent. of the principal and the interest. Where, as in the instant case, a promissory note containing an agreement to pay all interest at the rate of eight per cent. per annum, with all costs of collection

including ten per cent. attorney's fees, is sued upon, and it is alleged that the plaintiff has complied with section 4252 of the Civil Code of 1910 as to the collection of attorney's fees, to be calculated upon the basis of ten per cent. of the principal and the interest, and it is prayed that process issues requiring the defendant to be and appear at the next term of the court to answer plaintiff suit, to which a copy of the note is attached and made a part thereof, such suit will be construed to be for the recovery of the principal, interest and attorney's fees. See, in this connection, *Hamilton* v. *Rogers*, 126 *Ga.* 27(3) (54 S. E. 926).

   *Judgment affirmed. Luke and Bloodworth, JJ., concur.*