### 15714. SMITH *v.* HEATH & CO. *et al.*

STEPHENS, J. 1. The fact that an obligor, as the maker of a promissory note, is relieved of the obligation by some fact arising after the suit is filed, which he may plead in avoidance of the obligation, does not render him any the less an obligor in the sense in which this term is used in the constitution of this State as codified in section 6541 of the Civil Code (1910), providing that suits against "joint obligors" may be tried in the county in which either of them resides.

2. In a suit on the obligation in the county in which such obligor resides, brought jointly against him and a nonresident joint obligor, the court has jurisdiction as to the latter. Such jurisdiction is not ousted by the fact that the resident defendant may plead, as against his own liability, a discharge in bankruptcy. *Daniel* v. *Browder-Manget Co., 13 Ga. App. 392 (79 S. E. 237); McKibben* v. *Fourth National Bank, 32 Ga. App. 222 (122 S. E. 891).* This case is distinguishable from that of *Williams* v. *Atlanta National Bank, 31 Ga. App. 212 (120 S. E. 658).*

3. In a suit on a promissory note, against a maker and an indorser, as joint obligors, it was not error to overrule a motion of the nonresident defendant to stay the proceedings as to him pending the obtaining of a discharge in bankruptcy by the resident defendant, and enter judgment for the plaintiff against the nonresident defendant, who was in default.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1925.

Complaint; from city court of Atlanta—Judge Reid. June 2, 1924.

*Little, Powell, Smith & Goldstein,* for plaintiff in error.

*Underwood, Pomeroy & Haas, Philip Weltner, Earl Sims,* contra.