21227. SPEIR *et al.* v. FLOYD.

LUKE, J. Berry Floyd, as assignee, filed suit on June 11, 1929, in the city court of Savannah on a note against R. R. Geiger, a resident of Savannah, Chatham county, as maker, and H. W. Speir and C. H. Shuman, as surety and indorser, the two last-named defendants being residents of Bryan county. The case was dismissed as to Geiger, the maker, because of his having, before suit, been adjudicated a bankrupt and duly discharged as such. When it became apparent that Geiger, the only resident of Chatham county, was not a party defendant, Speir and Shuman filed a plea to the jurisdiction, which, by agreement between counsel, was submitted to the trial judge, to pass on the issues of law and fact raised by said plea, without the intervention of a jury. On October 18, 1929, the trial judge rendered judgment against the plea to the jurisdiction. As stated by the trial judge in his certificate to the bill of exceptions, "No motion for new trial of this issue or exceptions pendente lite were filed to the judgment thereon." Approximately five months later, to wit, March 12, 1930, the case was called for trial and the defendants Speir and Shuman made a motion to dismiss as to them, upon substantially the same ground raised by their plea to the jurisdiction, the judgment on which had not been excepted to. The court struck the allegations of the petition seeking attorney's fees, but overruled the motion to dismiss the case, and the trial resulted in a verdict and judgment for the plaintiff for principal and interest only. Defendants filed a motion for a new trial, which was overruled, and on this ruling they assign error in their bill of exceptions.

Whether the plaintiff, holder of the note, had by certain conduct relieved the defendants, sureties and endorsers, from liability thereon, was an issue of fact, which, upon conflicting evidence, the jury decided adversely to the defendants; and the evidence favorable to the plaintiff, which the jury accepted as true, was ample to sustain the verdict in his favor. The 1st special ground of the motion for a new trial is the third attempt to raise the issue adjudicated by the judgment on the plea to the jurisdiction, to which no exception was taken. The 2d special ground of the

motion, as shown by a note of the trial judge, was adjudicated by the ruling on the motion to dismiss, and no exceptions pendente lite to that ruling were filed. The 3d, 4th, and 5th special grounds complain of the charge of the court, or of failure to charge, and are without merit. The charge was adapted to the issues involved, and was fair.

Since the maker of the note resided in Chatham county, the maker, the surety and the indorser could be properly joined in a suit in that county (Civil Code of 1910, §§ 4283, 5530, 6541, 6542); so the trial court had jurisdiction of the case at the time the suit was filed. After the suit is filed "the plea of discharge in bankruptcy, like the bar of the statute of limitations, is purely a matter of defense, which may or may not be pleaded. . . When the plaintiff brings his action upon the original debt, he presents a prima facie case,—a good cause of action. It is not his duty to anticipate the defendant's plea, or to make a defense for him." *Shumate* v. *Ryan*, 127 *Ga.* 118 (56 S. E. 103). In the instant case, in which it appeared that the case against the resident defendant would be or was dismissed, the nonresident defendants filed a plea to the jurisdiction, but they failed to except to the judgment thereon which was adverse to them; and the question of jurisdiction was, therefore, finally adjudicated. However, as to the jurisdiction of the court over the remaining defendants, where the suit against the maker of the instrument and resident defendant is dismissed upon some matter in avoidance, see *Daniel* v. *Browder-Manget Co.*, 13 *Ga. App.* 392 (79 S. E. 237); *McKibben* v. *Fourth National Bank of Macon*, 32 *Ga. App.* 222 (6) (122 S. E. 891); *McKibben* v. *Luther Williams Banking Co.*, 32 *Ga. App.* 419 (123 S. E. 726). The plea in bankruptcy being one of personal privilege, and the maker of the instrument not being discharged upon this matter of avoidance until after the court had obtained jurisdiction of the other two defendants in the instant case, the principle laid down in the foregoing authorities is applicable. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED FEBRUARY 16, 1932.

*J. P. Dukes,* for plaintiffs in error.
*Slater & Purvis, W. G. Warnell,* contra.