22963. WHITLEY *v.* POWELL, receiver, *et al.*

DECIDED MAY 29, 1933.

*M. U. Mooty, L. M. Wyatt,* for plaintiff in error.
*Lovejoy & Mayer,* contra.

SUTTON, J. J. E. Whitley, trading as the Whitley Construction Company, wrote to the Seaboard Air-Line Railway Company as follows: "With reference to credit for freight charges to the Hooks Construction Company, who are now doing some paving at Claxton, Georgia, on your line: We hereby guarantee the payment

of all just and lawful freight charges accruing on all shipments for material and supplies consigned to above-named Hooks Construction Company, for use in building this pavement, and that all expense bills, when properly rendered and marked paid, will be paid promptly when presented with draft attached to the LaGrange Banking & Trust Company, LaGrange, Georgia." In accordance with this letter, the railway company delivered to Hooks Construction Company at Claxton, Georgia, certain carloads of material to be used in such paving, against which demurrage charges had accrued. Whitley refused to pay these demurrage charges, and the receiver of the railway company brought suit against him on the above writing to recover the same. The defendant demurred to the petition as setting forth no cause of action, in that he did not guarantee the payment of demurrage charges, but only "all just and lawful freight charges," and in that the contract of guaranty sued on expressed no consideration to him and was without consideration and a nudum pactum. The court overruled the demurrer, and to this judgment the defendant excepted.

1. Under ordinary circumstances and in the absence of a stipulation to the contrary, it will be presumed that a contract of guaranty guaranteeing the payment of "all just and lawful freight charges" on shipments made to another includes demurrage charges on such shipments. Wallace v. Cargo, 224 Fed. 993; Davis v. Timmonsville Oil Co., 285 Fed. 470; Hooper-Mankin Fuel Co. v. C. & O. R. Co., 30 Fed. (2d) 500.

2. While a contract of guaranty is distinguishable from a contract of suretyship in that in it the consideration is a benefit flowing to the guarantor (Civil Code (1910), § 3538; *Etheridge* v. *Rawleigh Co.*, 29 *Ga. App.* 698, 703, 116 S. E. 903), yet, in some instances a contract will be construed to be one of guaranty although the guarantor receives no consideration other than the benefit flowing to the principal. *McKibben* v. *Luther Williams Banking Co.*, 32 *Ga. App.* 419, 429 (123 S. E. 726); *Rawleigh Co.* v. *Salter*, 31 *Ga. App.* 329, 333 (120 S. E. 679); *Baggs* v. *Funderburke*, 11 *Ga. App.* 173, 174 (74 S. E. 937).

3. Any benefit accruing to him who makes the promise, or any loss, trouble, or disadvantage undergone by him to whom it is made, is a sufficient consideration, in the eyes of the law, to sustain an assumpsit. *Tomkins* v. *Philips*, 12 *Ga.* 52; Civil Code (1910), § 4242.

4. Applying the above rulings, the court below properly overruled the defendant's demurrer to the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*