## 55656. TIMBERLAKE GROCERY COMPANY OF MACON v. CARTWRIGHT et al.

SMITH, Judge.

The trial court correctly concluded that venue was improper in Toombs County, and we affirm its dismissal of

appellant's suit on that ground.

Appellant brought this suit in Toombs County against Morris Cartwright, Grace Cartwright, residents of Toombs County, and Dewey Sheffield and Geneva Sheffield, residents of Dodge County. Appellant sought recovery on a bond signed by the Cartwrights as principals and the Sheffields as sureties. Subsequent to the commencement of the suit, both Cartwrights were discharged in bankruptcy by a federal court. The trial court then dismissed the Cartwrights from the action, in accordance with their motion to dismiss alleging the discharges in bankruptcy. Following the dismissal of the Cartwrights, the Sheffields moved that they be dismissed from the action because of the impropriety of venue resulting from the Cartwrights' dismissal. The appeal is from the grant of the Sheffields' motion.

The general, constitutional rule is that all suits must be brought in the county of the defendant's residence. Code § 2-4306. An exception to that rule is that suits against joint obligors residing in different counties "may be tried in either county." Code § 2-4304. However, as a logical consequence of Code § 2-4306, it is also the law "that where suit is brought against two defendants, one of whom resides in the county, the court has no jurisdiction of the nonresident defendant unless the resident codefendant is liable in the action." *Ross v. Battle,* 117 Ga. 877, 880 (45 SE 252)(1903). The case before us is also analogous to *Central of Ga. R. Co. v. Brown,* 113 Ga. 414 (38 SE 989) (1901), *Baker v. Davis,* 127 Ga. 649 (57 SE 62)(1906), *Burger v. Noble,* 81 Ga. App. 759 (59 SE2d 761)(1950), and *Steding Pile Driving Corp. v. John H. Cunningham & Assoc.,* 137 Ga. App. 165 (223 SE2d 217)(1976). This court in the latter two cases specifically pointed out that, although suits against joint tortfeasors, joint obligors, joint trespassers, etc., may be brought in the county of the residence of any, if no judgment is taken against a resident defendant, the court loses venue as to the nonresident defendant(s) unless the issue of venue is waived. That issue was not waived in this case. Therefore, the resident defendants here having been dismissed from the suit, venue became improper as to the nonresident defendants, the Sheffields,

and the court properly granted their motion to dismiss. We hereby expressly overrule anything said to the contrary in *Daniel v. Browder-Manget Co.,* 13 Ga. App. 392 (79 SE 237) (1913), *McKibben v. Fourth Nat. Bank of Macon,* 32 Ga. App. 222 (122 SE 891)(1924), *McKibben v. Luther Williams Banking Co.,* 32 Ga. App. 419 (123 SE 726) (1924), *Smith v. Heath & Co.,* 33 Ga. App. 507 (126 SE 898) (1924), and *Speir v. Floyd,* 44 Ga. App. 696 (162 SE 874)(1931), which must yield to the constitutional mandate of Code Ann. § 2-4306.

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, P. J., Webb, McMurray, Shulman, Banke and Birdsong, JJ., concur.*

ARGUED APRIL 3, 1978 — DECIDED JULY 14, 1978.

*Tom K. Smith,* for appellant.
*Smith & Harrington, Will Ed Smith,* for appellees.