A89A1220. McCADAMS v. BANK OF LENOX.
(387 SE2d 635)

BIRDSONG, Judge.

Robert McCadams (McCadams) appeals from the grant of summary judgment to the Bank of Lenox (the bank) on its claim against him as a guarantor of a promissory note given to the bank by the Lenox Grain Company. McCadams and W. L. Danforth were guarantors of the note.

When the Lenox Grain Company defaulted on the note, the bank sued both McCadams and Danforth on their guaranties. Thereafter, with the permission of the trial court, the Lenox Grain Company was added as a defendant in the action. McCadams and the Lenox Grain Company filed an answer and counterclaim against the bank, and Danforth filed a separate answer and counterclaim.

The bank moved for summary judgment against all defendants, and supported its motion with affidavits. Subsequently, Danforth filed for bankruptcy, petitioned for a stay in this case, and then was dismissed as a defendant. Thereafter, Danforth and the Lenox Grain Company dismissed their counterclaims against the bank. Later the Lenox Grain Company also filed for bankruptcy and obtained a stay of the proceedings in this case.

McCadams subsequently moved to dismiss the complaint against him or to transfer the case to the county of his domicile. This motion was denied, and the trial court granted summary judgment to the bank. McCadams now appeals asserting that the trial court was not authorized to grant summary judgment against him, a non-resident defendant, because the proceedings in the trial court were stayed against the remaining resident defendant. *Held*:

McCadams bases his appeal on our decision in *Timberlake Grocery Co. v. Cartwright*, 146 Ga. App. 746, 747 (247 SE2d 567). In *Timberlake*, this court held that when resident defendants are discharged in bankruptcy and dismissed from the case because of the discharge, "if no judgment is taken against a resident defendant, the court loses venue as to the nonresident defendant[s] unless the issue of venue is waived."

The operative facts in *Timberlake* were not that the resident defendants were discharged in bankruptcy, but that they had been dismissed from the case, no judgment taken against them, and they were

found not liable before judgment was granted against the nonresident defendant. In the instant appeal the record does not reflect that the Lenox Grain Company has been dismissed from the action or that there had been any determination that it was not liable in the action when the summary judgment was granted against McCadams. Accordingly, when summary judgment was granted against McCadams, the resident defendant was still potentially liable in the action and still potentially subject to judgment being rendered against it. Under these facts, the trial court had jurisdiction or venue to grant summary judgment against McCadams. See *Lansky v. Goldstein*, 136 Ga. App. 607, 608 (222 SE2d 62).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 1, 1989.

*Hurt, Pfeiffer & Hyman, James W. Hurt*, for appellant.
*Thomas & McClain, Tom W. Thomas*, for appellee.