ROSS *et al. v.* BATTLE *et al.*

1. Where the heirs at law of an estate have recovered against the administrators judgments de bonis testatoris and de bonis propriis, they can not for the same cause of action recover another judgment de bonis propriis against the administrators upon their bond.

2. Where suit on such bond, against the administrators and the sureties, is commenced in the court of the county of the residence of one of the administrators, against whom no recovery can be had, and all of the sureties reside in other counties, the court has no jurisdiction of the sureties, and the action should be dismissed on demurrer.

Argued June 9,—Decided June 29, 1903.

Action on administrator's bond. Before Judge Littlejohn. Stewart superior court. October 28, 1902.

*E. A. Hawkins, W. A. Dodson, J. A. Hixon, W. D. Crawford, C. R. McCrory,* and *B. F. Harrell & Son,* for plaintiffs in error.

*J. H. Lumpkin* and *J. B. Hudson,* contra.

SIMMONS, C. J. It appears from the record that Battle died in Schley county, and that W. J. and C. L. Ross were appointed his administrators and gave bond in accordance with the law. After a sufficient time had elapsed for them to settle and fully administer the estate, the heirs at law of Battle cited them to appear before the ordinary for an accounting and settlement. After a hearing before that official and a judgment in favor of the heirs, the administrators appealed to the superior court. In that court the case was referred to an auditor, who made a report in favor of the heirs. Exceptions of law and fact were filed by the administrators. On the trial before the judge, he disapproved the exceptions of law, disallowed the exceptions of fact, and entered up judgment against the administrators for the amount found by the auditor. On this judgment execution was issued, and a return of nulla bona was made by the sheriff of Schley county. After this return of the sheriff, the heirs of Battle brought suit in Stewart county, upon the administrators' bond, against the administrators and their sureties. The petition shows that C. L. Ross resided in Stewart county, that W. J. Ross resided in Colquitt county, and that none of the sureties on the bond resided in Stewart county but resided in other counties of the State. The petition sets out the history of the litigation as above recited, and alleges that the auditor in his report recommended a "finding that your petitioners . . do have and recover

of the defendants, W. J. & C. L. Ross as administrators of J. R. Battle, deceased," certain sums; that the judge entered up judgment or decree "in accordance with the report of said auditor;" and that the clerk of the court "issued an execution, the same being predicated upon the decree aforementioned," against the administrators de bonis testatoris and de bonis propriis. It further recites that the sheriff of Schley county made returns of nulla bona on this execution, both as to the estate and as to the administrators individually; and that the administrators had failed and refused to pay the judgment. The petitioners prayed judgment against the administrators and their sureties for the amount set out in the execution. The defendants filed several pleas and demurrers, collectively and individually. The view we take of the case renders it necessary to discuss but one of the demurrers. This was on the following grounds: "(a) That the superior court of Stewart county, Ga., had no jurisdiction of the parties or the subject-matter, because the petition showed upon its face that all of the [defendants] resided in the State; that none of the [defendants] resided in Stewart county, except C. L. Ross; that judgment had already been recovered against said C. L. Ross and his coprincipal, W. J. Ross, in Schley superior court, both de bonis testatoris and de bonis propriis; that the residence of C. L. Ross, against whom a former recovery had been had, did not confer jurisdiction on the superior court of his county against the other [defendants]; that there was no cause of action as to C. L. Ross, a personal judgment having already been obtained against him, and the non-resident [defendants] could not be held liable, because of want of a jurisdiction as to them. (b) Because the petition showed that there had been a former recovery against the said C. L. Ross and his coprincipal, W. J. Ross, upon the same cause of action, between the same parties, by a court of competent jurisdiction; that there was identity of parties and subject-matter; and jurisdiction could not be conferred upon non-resident [defendants] by joining them in a suit against a [defendant] against whom a former recovery had been had." This demurrer was overruled by the court, and the defendants excepted.

After much reflection we have come to the conclusion that the able and learned judge erred in overruling the demurrer. The question raised is a new one in this State, and, after a lengthy inves-

tigation of the authorities, we have found but two cases which seem to be directly in point. One of these, Hobbs *v.* Middleton, 1 J. J. Marsh. (Ky.) 177, decided in 1829 by two judges, holds that although judgments de bonis testatoris and de bonis propriis have been had against the administrator, he may still be sued with his sureties upon the administration bond. We have carefully read the opinion, and are not satisfied with the reasoning therein, and are not inclined to follow it. The other case is that of Sloan *v.* Creasor, 22 Up. Can. (Q. B.) 127, in which it was held that the plaintiff, having recovered judgment against the principal, could not afterwards sue upon a covenant for the same cause of action. This decision was by seven judges of the Queen's Bench of Upper Canada, and was, we think, right on principle. In the present case two judgments were rendered against the administrators, one de bonis testatoris and the other de bonis propriis. The cause of action upon which these judgments were predicated was the failure of the administrators to pay over to the heirs at law their distributive shares of the estate. They had not complied with their duty as administrators, and were liable to persons interested in the estate. These judgments, then, exhausted the remedies of the heirs at law as against the administrators. A judgment on the bond would not give any additional right or remedy as against them. If the heirs could not enforce their rights under the judgments already obtained, no number of judgments against the administrators on their bond could avail more. The cause of action of the heirs at law against the administrators had been merged in the judgments, and the original cause of action thereby lost. See Freeman, Judg. (4th ed.) § 215. et seq. When, therefore, this suit was brought on the bond, it was for the same cause of action, namely, that the administrators had wrongfully failed to pay over the distributive shares of the estate. The sureties bound themselves for the faithful discharge by the administrators of their duties as such. The petition shows that the first suit was predicated upon the fact that the administrators failed and refused to pay the heirs at law their shares of the estate, and that the present suit is founded upon the same cause of action. A judgment being the sentence of the law upon a given state of facts, and the cause of action being merged therein, we do not see how a plaintiff can continually harass a defendant by suit after suit upon the same cause of action. The public is interested in the end of

litigation as well as are the parties thereto, and public policy will not permit a plaintiff to bring a second or third suit upon the same cause of action after he has had one judgment thereon.     No one will doubt that had this present suit been brought solely against the administrators and they had filed a plea of former recovery, the court should have sustained the plea.     In the case of *Fullington* v. *Killen*, 65 *Ga.* 575, suit on a promissory note was brought against the makers, and a judgment against them was obtained thereon.     Subsequently suit was brought on the same note against the makers and the indorsers.     Crawford, J., in discussing this question, said:   "When it was made to appear, in support of their plea to the jurisdiction, that there had been a former recovery against these makers on that identical note and that the judgment thereon had not been reversed or set aside, it necessarily followed that the right of action on that note, as to these principals, had been merged in that judgment, and, as to them, was of no effect.   Unless, therefore, a promissory note which was *functus officio* as to the makers could give the holder a right of action against *them*, it could not be vitalized by using their names so as to give jurisdiction over other parties who were not liable to suit out of their counties except through them."     According to this decision, the cause of action against the makers had become merged in the judgment, and, so far as the makers were concerned, was of no effect.

Having shown that the plaintiffs in the court below had already obtained a judgment de bonis propriis against the administrators, it follows that they could not obtain another judgment against them on the same cause of action.     This brings us to the question as to whether the court in Stewart county had jurisdiction to render judgment against the sureties on the administration bond when judgment could not be obtained against the only defendant who resided in the county.     It is now well settled law in this State, that where suit is brought against two defendants, one of whom resides in the county, the court has no jurisdiction of the non-resident defendant unless the resident codefendant is liable in the action.     In the case of *Lester* v. *Mathews*, 56 *Ga.* 656, this court held:   "If the administrators reside in the county giving the court jurisdiction, and all the other defendants in other counties, and there be no cause of action against the administrators, the court will not have jurisdiction of the non-residents of the county, though a good cause of action exists

and is alleged against them. The suit will be dismissed as to all, the non-residents having the right to be sued in the counties of their own residence, or that of some of them, if the contract be joint." In the case of *Fullington* v. *Killen*, supra, it was held that where the suit was barred as against the only defendants who were residents of the county, their residence did not confer jurisdiction on the courts of the county of their residence over non-resident defendants. To the same effect see *Hamilton* v. *DuPre*, 111 *Ga.* 819; *Rounsaville* v. *McGinnis*, 93 *Ga.* 579; *Meeks* v. *Roan*, 117 *Ga.* 865. It follows from what we have said that the judge erred in overruling the demurrer. He should have sustained the demurrer and dismissed the action. Inasmuch as the court was without jurisdiction to try the case, all that was done on the trial is without effect, and it is unnecessary to pass upon exceptions made in regard thereto. *Judgment reversed. All the Justices concur.*