A89A1729. MOTOR CONVOY, INC. v. BRANNEN et al.
(391 SE2d 671)

BEASLEY, Judge.
We granted defendant Motor Convoy's application for review of the denial of its motion to transfer for lack of venue. Plaintiffs Arnie and Kathy Brannen were involved in a vehicular collision at an intersection with an automobile driven by defendant Sarah Waters. A vehicle owned by Motor Convoy, although not directly involved in the wreck, was alleged to have been improperly parked so as to have obstructed the vision of Sarah Waters.

Plaintiffs brought suit in Long County against Waters as a resident of that county and against Motor Convoy as a nonresident joint tortfeasor. After the filing of answers, plaintiffs entered into an agreement with Waters which consisted of: 1) a consent judgment in the amount of $350,000 against Waters; 2) a contract in which, for the consideration of $15,000, plaintiffs agreed not to enforce the consent judgment. Contending that the documents constituted a release which discharged Waters, Motor Convoy sought to have the complaint against it either dismissed or transferred to the county of its residence, DeKalb.

The trial court found there were no issues to litigate between Waters and plaintiffs, excusing her from appearing at trial, but held that the settlement with the resident defendant did not divest Long County of jurisdiction over Motor Convoy, relying upon *Posey v.*

*Med. Center West*, 257 Ga. 55, 59 (354 SE2d 417) (1987). It held: "A valid release of one tortfeasor from liability for a harm, given by the injured person, does not discharge others for the same harm, unless it is agreed that it will discharge them."

Motor Convoy argues that although 1983 Ga. Const., Art. VI, Sec. II, Par. IV, allows suits against joint tortfeasors to be brought in the county where one resides, defendant is entitled to be sued in the county of its residence under 1983 Ga. Const., Art. VI, Sec. II, Par. VI, because where there is no verdict against the resident tortfeasor, jurisdiction over the nonresident is lost. *O'Neill v. Western Mtg. Corp.*, 153 Ga. App. 151 (264 SE2d 691) (1980). It cites in support of its contention the proposition found in *Chitty v. Jones*, 210 Ga. 439 (80 SE2d 694) (1954), and *Steding Pile Driving Corp. v. John Cunningham & Assoc.*, 137 Ga. App. 165, 166 (1) (223 SE2d 217) (1976), that to retain jurisdiction, liability must be established against the resident.

Although *Posey*, supra, changed the law that the release of one joint tortfeasor releases all, Motor Convoy contends that venue requirements remain and a consent judgment is not an adjudication on the merits of plaintiffs' claim against the resident tortfeasor. *Cantrell v. Home Security Life Ins. Co.*, 165 Ga. App. 670, 671 (1) (302 SE2d 415) (1983). Motor Convoy further asserts that under *Weems v. Freeman*, 234 Ga. 575 (216 SE2d 774) (1975), the resident defendant was released pursuant to OCGA § 9-13-74 and this did not constitute an adjudication on the merits so as to retain jurisdiction over it. See *Ga. R. Bank &c. Co. v. Griffith*, 176 Ga. App. 198 (335 SE2d 417) (1985). As held in *Timberlake Grocery Co. v. Cartwright*, 146 Ga. App. 746, 747 (247 SE2d 567) (1978), "if no judgment is taken against a resident defendant, the court loses venue as to the nonresident defendant(s)."

A more accurate statement of the principle of law involved is found in *Southeastern Truck Lines v. Rann*, 214 Ga. 813, 815 (108 SE2d 561) (1959): "where a single suit is brought against several joint tortfeasors in a county where one of them is a resident, and where the others reside outside the county, and, where on the trial of the case, the resident defendant is found *not liable* by the jury, and the nonresident defendants are found liable, the court is without jurisdiction to enter judgment against the nonresident defendants." (Emphasis supplied.)

The agreements between plaintiff and Waters did not release Motor Convoy. *Posey*, supra. Thus, the question for determination is whether the consent judgment and agreement not to enforce it constitute a finding that the resident was not liable so as to deprive the trial court of jurisdiction in the county where suit was brought. *Woods v. Universal &c. Corp.*, 110 Ga. App. 394, 397 (8) (138 SE2d 593) (1964), stated: "the test of whether a verdict may be obtained

against a nonresident is whether the verdict against the resident is authorized." The consent judgment and agreement in this case must be considered more closely analogous to a finding that the resident defendant is liable than that she is not. Moreover, a consent judgment recognizes that a verdict against the resident defendant was authorized. See *Alford v. Smith*, 224 Ga. 802 (164 SE2d 781) (1968); *Burch v. Dodge County*, 193 Ga. 890, 891 (3) (20 SE2d 428) (1942); *Estes v. Estes*, 192 Ga. 94, 96 (14 SE2d 681) (1941). See also *Empire Forest Prods. v. Gillis*, 184 Ga. App. 542, 543 (1) (362 SE2d 77) (1987). The controlling fact which governs the retention of jurisdiction over the non-resident is the legal resolution of liability on the part of the resident. That is the sine qua non for jurisdiction over the non-resident, construing 1983 Ga. Const., Art. VI, Sec. II, Par. VI, and OCGA § 9-10-31 together. That being true, it was not error for the trial court to deny the motion either to dismiss or to transfer the case to DeKalb County.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 20, 1990 —
REHEARING DENIED MARCH 12, 1990 — 

*Wilson R. Smith*, for appellant.
*Richard D. Phillips*, for appellees.