A92A1505. CARNEY v. JDN CONSTRUCTION COMPANY et al.
A92A1506. SHULER v. CARNEY.
A92A1507. CITY OF CALHOUN v. CARNEY.
(426 SE2d 611)

CARLEY, Presiding Judge.

Appellant-plaintiff was injured when she stepped into an uncovered sewer manhole which was located in the parking lot of a newly opened shopping center in Gordon County. She filed suit, alleging that appellee-defendants were jointly and severally liable for the injuries she had sustained. Appellant's suit was brought in Fulton County, that being the county of residence of appellees JDN Construction Company (JDNCC) and JDN Enterprises, Inc. (JDNEI). Prior to trial, the trial court granted summary judgment in favor of appellee Bartow Paving Company (BPC), and appellant entered into a settlement agreement with JDNCC and JDNEI. Thereafter, appellees Bruce Shuler and the City of Calhoun (City), moved to transfer the action to Gordon County. The motion to transfer was denied and the case proceeded to jury trial in Fulton County. The jury returned verdicts in favor of Shuler and the City. In Case No. A92A1505, appellant appeals and, in Case Nos. A92A1506 and A92A1507, Shuler and the City cross-appeal.

## Case No. A92A1506

In his cross-appeal, Shuler enumerates as error the denial of his motion for a directed verdict. If meritorious, this enumeration would serve to moot the main appeal as to Shuler. Accordingly, we will address Shuler's cross-appeal first.

1. Shuler was employed by the City to perform certain sewer line work which had been necessitated by the construction of the shopping center and parking lot. Shuler's work was turned over to and accepted by the City in May of 1988. At that time, the manhole was on top of a stack which rose some 13 feet *above* grade. Although Shuler testified that, prior to turning his work over to the City, he had sealed the manhole with a *traffic-bearing* cover, there is at least some evidence that there was *no* manhole cover in place at the time the work was accepted by the City. Thereafter, filling of the site resulted in the grade being raised the 13 feet necessary to make it level with the top of the manhole stack. At that time, someone other than Shuler placed a *non-traffic-bearing* cover on the manhole. BPC then paved the site

to serve as the parking lot for the shopping center. After the shopping center opened, the manhole cover broke and fell down into the manhole stack, apparently due to the weight of vehicles that it had not been designed to bear. Appellant fell into this uncovered manhole, some eight months after Shuler's work had been turned over to and accepted by the City.

As a general rule, acceptance by the employer insulates an independent contractor from liability for injuries subsequently resulting from his negligent performance of the contract. *Young v. Smith & Kelly Co.*, 124 Ga. 475, 476 (52 SE 765) (1905). There are, however, exceptions to this general rule. "The exceptions applying to the negligent contractor are 'where the work is a nuisance per se, or inherently or intrinsically dangerous . . . (, or) so negligently defective as to be imminently dangerous to third persons.' [Cit.]" *David Allen Co. v. Benton*, 260 Ga. 557, 558 (398 SE2d 191) (1990). Although there is some evidence that Shuler may have been negligent in the performance of his sewer work by virtue of his failure to have provided any manhole cover, it is undisputed that the City had nevertheless accepted his work. Accordingly, the issue for resolution is whether the evidence would also authorize a finding that Shuler's work came within one of the exceptions to the general rule of non-liability for injuries subsequently resulting from negligent performance which has previously been accepted by the employer.

The first exception is where the work is a nuisance per se, or inherently or intrinsically dangerous. This exception "is applicable only where the work performed is *itself* inherently dangerous. [Cits.]" (Emphasis in original.) *Peachtree North Apts. Co. v. Huffman-Wolfe Co.*, 126 Ga. App. 594, 595 (191 SE2d 485) (1972). There is no contention that Shuler's sewer work was *itself* inherently dangerous. The only contention is that Shuler's work resulted in the creation of a dangerous *condition* in the form of an uncovered manhole. This invokes the second exception, which is for work turned over that " 'is so negligently defective as to be *imminently* dangerous to third persons. [Cits.]' (Emphasis supplied.) [Cit.]" *Peachtree North Apts. Co. v. Huffman-Wolfe Co.*, supra at 594. Under the evidence, however, Shuler's work was not imminently dangerous to *anyone* at the time it was accepted by the City. The uncovered manhole was then some 13 feet above grade and posed an imminent danger to no one. It was not until the site was subsequently filled and graded that the uncovered manhole became potentially dangerous to third persons. At that time, Shuler was *not* called upon to place a cover over the manhole, but someone else took it upon himself to do so. Under these circumstances, liability for such subsequent injuries as were caused by the manhole had passed from Shuler to the City, which had accepted the uncovered manhole, and/or to whomever had taken it upon himself to

place a non-conforming cover over the manhole. "[T]he construction was not imminently dangerous at the time it was turned over by [Shuler]. The [denial] of [a directed verdict] in favor of [him], was . . . error." *Peachtree North Apts. Co. v. Huffman-Wolfe Co.*, supra at 595.

## Case No. A92A1505

2. At the jury trial, the settlement agreement that appellant had reached with JDNCC and JDNEI was admitted into evidence, with the amount of the settlement having been edited therefrom. Appellant enumerates as error the admission of the edited settlement agreement.

Appellant's settlement agreement with JDNCC and JDNEI was certainly not relevant to the City's *liability*. That agreement did not evince that JDNCC and JDNEI were *solely* liable for appellant's injury and that the City had *no* liability therefor. The agreement was, however, relevant to the extent of appellant's potential *recovery* as against the City. An injured party can have but one satisfaction for his injuries. *Ford Motor Co. v. Lee*, 237 Ga. 554, 556 (2) (229 SE2d 379) (1976). To insure that appellant did not fully recover once from JDNCC and JDNEI and fully once again from the City, two options were available. *King Cotton, Ltd. v. Powers*, 190 Ga. App. 845, 849 (2) (380 SE2d 481) (1989). One option was to disclose to the jury the *amount* of the settlement and then to instruct the jury to deduct that *amount* from its own assessment of the full satisfaction to which appellant was entitled. "[T]he amount paid under [a settlement agreement with one joint tortfeasor] can be pleaded and proven by another who is jointly liable for the purpose of obtaining credit in assessing full compensation. [Cit.]" *Pennsylvania Threshermen & Farmers Mut. Cas. Ins. Co. v. Hill*, 113 Ga. App. 283, 289 (1) (148 SE2d 83) (1966). Under this option, full satisfaction would be represented by the amount of the settlement *plus* the jury's award. The other option was *not* to disclose to the jury the existence of *any* settlement agreement whatsoever and to instruct the jury to return a verdict awarding appellant the full satisfaction for her injuries. Under this option, full satisfaction would be represented by the *undiminished* jury's award. The trial court "would then, of course, set off the amount of the settlement . . . from the jury's award. [Cit.]" *King Cotton, Ltd. v. Powers*, supra at 849 (2).

In the instant case, the edited settlement agreement was obviously neither relevant nor admissible for the jury's consideration under *either* option. Under the first option, limited disclosure of the *amount* of the settlement is authorized. Under the second option, disclosure of *no* portion of the settlement agreement is authorized. Here,

the trial court disclosed all portions of the settlement agreement *except* the amount. The City has cited no case which is authority for the proposition that a settlement agreement from which the amount has been edited is relevant and admissible into evidence for any purpose whatsoever. Neither *Ford Motor Co. v. Lee*, supra, nor *Weaver v. Ross*, 192 Ga. App. 568, 570 (2) (386 SE2d 43) (1989) purport to address the *evidentiary* issue of the underlying admissibility of a settlement agreement, either with or without disclosure of the amount. *Barnes v. Wall*, 201 Ga. App. 228 (2) (411 SE2d 270) (1991); *King Cotton, Ltd. v. Powers*, supra; *Pennsylvania Threshermen & Farmers Mut. Cas. Ins. Co. v. Hill*, supra; *Malone v. City of Rossville*, 107 Ga. App. 271, 272 (1) (129 SE2d 563) (1963); and, *Atlantic Coast Line R. Co. v. Ouzts*, 82 Ga. App. 36 (2) (60 SE2d 770) (1950) all discuss only disclosure of the amount of settlement pursuant to the first option.

It follows that, in the instant case, the trial court erred in admitting the settlement agreement which had been edited to conceal the amount thereof. The effect of the trial court's evidentiary ruling was to exclude the only potentially relevant portion of the settlement agreement and to admit only the clearly irrelevant portions thereof. Under the first option, the *amount* of the settlement would have been relevant and admissible for the jury's consideration on the limited issue of the extent of appellant's recovery against the City. Under the second option, *no* portion of the settlement agreement would have been relevant and admissible for the jury's consideration on the limited issue of the extent of appellant's recovery against the City. There is no other option, whereby all portions of the settlement agreement *except* the amount thereof would be relevant and admissible for *any* purpose whatsoever.

We cannot say that the trial court's evidentiary error was harmless. Since the edited settlement agreement was admitted into evidence, the jury obviously considered it to be relevant for *some* purpose. As the amount was not disclosed and the first option was not followed, the jury certainly could not have considered the evidence as relevant to the issue of the amount of appellant's recovery. Instead, the evidence may well have erroneously influenced the jury on the issue of the City's *liability*. A settlement would have no bearing on the *liability* of a non-settling alleged joint tortfeasor and is not evidence that the alleged negligence of the settling alleged joint tortfeasor is the *sole* proximate cause of the plaintiff's injury. Nevertheless, the instant record demonstrates that, in his opening statement, counsel for the City asserted that appellant had already settled with the parties "that did the wrong" and that appellant had "nothing to lose" by proceeding against the City. Appellant was not entitled to a double recovery for her injury, but the City was not entitled to rely upon the settlement agreement as evidence that appellant was

making such an attempt. The burden was on appellant to prove the City's negligence and if the appellant so proved, it would be up to the City to establish a viable defense to its liability. Evidence that the *negligence* of JDNCC and JDNEI was the sole proximate cause of appellant's injury would be such a viable defense. Appellant's *settlement* with JDNCC and JDNEI would not be relevant to such a defense and, under the record, we cannot say that the jury did not erroneously conclude that it was relevant and that the verdict in favor of the City was not erroneously influenced by the evidence that JDNCC and JDNEI had already settled with appellant. Accordingly, the judgment in favor of the City must be reversed and a new trial held as to the City's liability.

3. Appellant enumerates as error the grant of the City's motion for a directed verdict as to its non-liability for punitive damages.

"Negligence, even gross negligence, is inadequate to support a punitive damage award. [Cit.]" *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (3b) (365 SE2d 827) (1988). "Under OCGA § 51-12-5.1 (b), which is applicable in the instant case, it remains the rule that ' " "(s)omething more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage. . . . There is general agreement that, because it lacks this element, mere negligence is not enough. . . .' (Cit.)" (Cit.)' [Cit.]" *Ivey v. Golden Key Realty*, 200 Ga. App. 545 (1) (408 SE2d 811) (1991). "The evidence, construed most favorably for appellant shows, at most, the mere commission of a tort. The trial court correctly granted [a directed verdict] in favor of [the City] as to punitive damages. [Cit.]" *Gaither v. Barclaysamerican/Financial of Ga.*, 194 Ga. App. 188, 189 (390 SE2d 97) (1990).

4. Appellant enumerates as error the grant of BPC's motion for summary judgment.

BPC did not construct the sewer line and did not place the non-traffic-bearing cover over the manhole. BPC merely paved the area after the sewer line had been constructed and after someone else had placed the cover over the manhole. There is no evidence that BPC knew or should have known that the cover was not appropriate. BPC's expertise was in paving, not in sewer construction. There is no evidence that BPC performed its paving work negligently and the evidence shows that, after completion of the paving job, it was turned over and accepted. Under this evidence, the trial court correctly granted BPC's motion for summary judgment. "[W]here a contractor who does not hold itself out as an expert in the design of work such as that involved in the controversy, performs its work without negligence, and the work is approved and accepted by the owner or the one who contracted for the work on the owner's behalf, the contractor is not liable for injuries resulting from the defective design of the

work." *David Allen Co. v. Benton,* supra at 558. BPC did not hold itself out as an expert in sewer work, it performed its paving work without negligence, the paving work was approved and accepted, and BPC cannot be held liable for appellant's injuries resulting from the placement of the non-traffic-bearing cover over the manhole.

### Case No. A92A1507

5. The City enumerates as error the denial of its motion to transfer the action to Gordon County.

At the commencement of the instant action, there was a basis for venue in Fulton County. JDNCC and JDNEI were residents of that county and the City was alleged to be a joint tortfeasor. Although appellant subsequently settled with JDNCC and JDNEI, there has been no finding that JDNCC and JDNEI are *not* liable to appellant. It follows that the trial court correctly denied the City's motion to transfer the action to Gordon County. *Motor Convoy v. Brannen,* 194 Ga. App. 795 (391 SE2d 671) (1990), aff'd 260 Ga. 340 (393 SE2d 262) (1990).

6. The judgment in Case No. A92A1506 is reversed with direction that the trial court enter judgment in accordance with Shuler's motion for a directed verdict. The judgment in Case No. A92A1505 is affirmed as to BPC and as to the City's motion for a directed verdict on the issue of punitive damages, but reversed as to the City's liability for compensatory damages with direction that a new trial be held as to that issue. The judgment in Case No. A92A1507 is affirmed.

*Judgment reversed with direction in Case No. A92A1506. Judgment affirmed in part and reversed with direction in part in Case No. A92A1505. Judgment affirmed in Case No. A92A1507. Pope and Johnson, JJ., concur.*

DECIDED DECEMBER 2, 1992 —
RECONSIDERATION DENIED DECEMBER 16, 1992

*Bauer, Deitch & Raines, Henry R. Bauer, Jr., Gilbert H. Deitch, George R. Ference,* for Carney.

*Long, Weinberg, Ansley & Wheeler, Lance D. Lourie, Debra E. Levorse,* for Shuler.

*Dennis, Corry, Porter & Gray, R. Clay Porter, Andrew H. Schultz,* for City of Calhoun.

*Haas, Bridges & Kane, Stephen R. Kane, Tittsworth & Grabbe, John C. Grabbe IV,* for JDN Construction Company.