A95A0443. COLLIPP et al. v. NEWMAN et al.
(458 SE2d 701)

JOHNSON, Judge.

Mr. and Mrs. Steven Newman, Sr., as next friends and guardians of Steven D. Newman, Jr., brought suit against four defendants seeking damages arising from a circumcision performed on Steven, Jr. The suit was filed in Chatham County State Court against Dr. Platon Jack Collipp, a Wayne County resident, who performed the circumcision and Wayne County Memorial Hospital, the facility at which the procedure was performed. Also named in the action were two doctors, both residents of Chatham County, who provided subsequent medical care.

All claims against the two Chatham County defendants were dismissed with prejudice after the Newmans signed a full and final release of all claims against them. Collipp and Wayne County Hospital

filed a motion to dismiss or, in the alternative, to transfer the case to Wayne County asserting that venue was no longer proper in Chatham County. The trial court, relying on *Carney v. JDN Constr. Co.*, 206 Ga. App. 785, 790 (5) (426 SE2d 611) (1992), denied the motion. We granted appellants' application for interlocutory appeal to clarify any confusion which may have been created by *Carney* regarding the effect on venue after the dismissal of all resident joint tortfeasors.

A defendant is entitled to be sued in the county of his residence. Ga. Const. 1983, Art. VI, Sec. II, Par. VI. Suits against joint tortfeasors residing in different counties may be tried in either county. Ga. Const. 1983, Art. VI, Sec. II, Par. IV. However, proper venue against a nonresident joint tortfeasor may vanish. The venerable principle of vanishing venue was well established at the turn of the century. "[W]here suit is brought against two defendants, one of whom resides in the county, the court has no jurisdiction of the nonresident defendant *unless the resident codefendant is liable* in the action." (Emphasis supplied.) *Ross v. Battle*, 117 Ga. 877, 880 (45 SE 252) (1903). In *Timberlake Grocery Co. v. Cartwright*, 146 Ga. App. 746, 747 (247 SE2d 567) (1978) this court clarified the concept: "[I]f no judgment is taken against a resident defendant, the court loses venue as to the nonresident defendant(s). . . ." Addressing the same principle, the Georgia Supreme Court held that where a single suit is brought against several joint tortfeasors in a county where one of them is a resident, and where the resident is found not liable by the jury, and the non-resident defendants are found liable, the court is without jurisdiction to enter judgment against the non-resident defendants. *Southeastern Truck Lines v. Rann*, 214 Ga. 813, 815 (108 SE2d 561) (1959).

In *Motor Convoy v. Brannen*, 194 Ga. App. 795 (391 SE2d 671) aff'd 260 Ga. 340 (393 SE2d 262) (1990), this court held the requirement that a judgment be entered against the resident tortfeasor can be satisfied by entry of a consent judgment. "[A] consent judgment recognizes that a verdict against the resident defendant was authorized. . . . The controlling fact which governs the retention of jurisdiction over the non-resident is the legal resolution of liability on the part of the resident." Id. at 797. Therefore, because a final judgment had been entered against the resident joint tortfeasor, regardless of whether the judgment was by consent, venue did not vanish.

In *Carney v. JDN Constr. Co.*, supra, this court was asked to consider the denial of a motion to transfer. Relying on *Motor Convoy v. Brannen*, supra, we held: "Although appellant subsequently settled with JDNCC and JDNEI, there has been no finding that JDNCC and JDNEI are *not* liable to appellant. It follows that the trial court correctly denied the City's motion to transfer the action to Gordon County." (Emphasis in original.) *Carney*, supra at 790 (5). It appears

the trial court in our case read *Carney* as holding either that the settlement was analogous to a consent judgment, or that an affirmative finding of nonliability would be required to justify a conclusion that venue had vanished. Perhaps because the denial of the motion to transfer was a relatively minor issue in the *Carney* appeal, we did not make it clear in the opinion that JDNCC and JDNEI remained parties in the case. The record in *Carney* made it clear that the settlement agreement was reached during the trial and that JDNCC and JDNEI were never removed from the case. Rather, the agreement was that the case was settled as to them whichever way the jury decided the case. Their dismissal from the case was not a provision of the settlement with the plaintiff and a jury could have found them liable. *Carney* did not change established venue principles, and should not be read to imply that there has been any change in the established venue principles regarding resident and non-resident joint tortfeasors.

In our case, the two Chatham County doctors were dismissed from the case with prejudice. Venue in Chatham County vanished at the moment the dismissal was filed. The trial court erred in denying appellants' motion to transfer.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JUNE 28, 1995.

*Gilbert, Harrell, Gilbert, Sumerford & Martin, Wallace E. Harrell III, Lisa S. Godbey, Fendig, McLemore, Taylor & Whitworth, Phillip R. Taylor*, for appellants.

*Ashman, Lasky & Cooper, Jeffrey W. Lasky*, for appellees.