A97A0650. BARNETT et al. v. QUINN.
(489 SE2d 68)

POPE, Presiding Judge.

We granted defendants Marion H. Barnett, Jr. and Vivian F.

---

Barnett's application for review of an order issued by the Superior Court of Wilkes County. The order sought to transfer back to the State Court of Fulton County venue over a suit that had initially been filed against the Barnetts and three corporate defendants in Fulton County State Court, but that had subsequently been transferred by that court to the Wilkes County Superior Court. Upon review, we conclude that the Wilkes County Superior Court erred in ordering the case transferred back to Fulton County and, therefore, reverse the court's order.

On March 30, 1991, Grant Quinn was severely injured in Wilkes County when the roof of the Honda Prelude in which he was riding purportedly collapsed during a collision with a Black Angus bull that allegedly had escaped its fencing and gotten into the roadway. The bull was owned by the Barnetts d/b/a Barnett Angus Farm, who are residents of Wilkes County. Plaintiff Mary Anne Quinn, as Grant Quinn's guardian, brought a personal injury suit in the State Court of Fulton County on behalf of her son against the Barnetts for negligence and against defendants American Honda Motor Company, Inc., Honda Motor Company, Ltd., and Honda Research & Development Company, Ltd. based on theories of product liability. American Honda was the only defendant having residency in Fulton County.

On April 17, 1995, pursuant to a written agreement, plaintiff settled its suit with all of the Honda defendants. Thereafter, on August 16, 1995, the nonresident Honda defendants were dismissed from the suit with prejudice, and American Honda was dismissed without prejudice. In addition to releasing plaintiff's claims against the Honda defendants, the settlement agreement provided that in the event the Barnetts obtained a non-appealable final order transferring venue in the case from Fulton County State Court to another court, American Honda alone would deliver to plaintiff's counsel an executed consent judgment for filing in Fulton County State Court. Pursuant to the settlement agreement, plaintiff and the Honda defendants also entered into a consent order in which they agreed that the Fulton County State Court would retain jurisdiction to enter the abovementioned consent judgment should the Barnetts obtain a final non-appealable order transferring venue in the case.

Following the Honda defendants' dismissal from the suit, the Barnetts moved to transfer the case. The State Court of Fulton County granted the motion and, by order dated January 9, 1996, transferred the case to the Superior Court of Wilkes County. The Fulton County State Court further refused to grant plaintiff a certificate of immediate review, thereby making its transfer order non-appealable. Subsequently, as contemplated by the settlement agreement, in March 1996, American Honda accepted service of an amended complaint re-naming it as a party in the suit and entered

into a consent judgment with plaintiff regarding the amended complaint. When plaintiff attempted to file these documents in the Fulton County State Court, however, she was prevented from doing so based on the fact that the case had been transferred some two months earlier. Consequently, on March 29, 1996, plaintiff filed the amended complaint and consent judgment in the Superior Court of Wilkes County. Plaintiff then moved to have the case transferred back to Fulton County on April 14, 1996. After conducting a hearing on the matter, the Wilkes County Superior Court granted plaintiff's motion and thereafter certified the matter for immediate appellate review.

In their sole enumeration, the Barnetts contend that the Wilkes County Superior Court erred in concluding that the case must be transferred back to the Fulton County State Court. We agree.

"A defendant is entitled to be sued in the county of his [or her] residence. Ga. Const. 1983, Art. VI, Sec. II, Par. VI. [But s]uits against joint tortfeasors residing in different counties may be tried in either county. Ga. Const. 1983, Art. VI, Sec. II, Par. IV. However, proper venue against a nonresident joint tortfeasor may vanish. The venerable principle of vanishing venue was well established at the turn of the century. '(W)here suit is brought against two defendants, one of whom resides in the county, the court has no jurisdiction of the nonresident defendant *unless the resident codefendant is liable* in the action.' (Emphasis supplied.) *Ross v. Battle,* 117 Ga. 877, 880 (45 SE 252) (1903). In *Timberlake Grocery Co. v. Cartwright,* 146 Ga. App. 746, 747 (247 SE2d 567) (1978) this court clarified the concept: '(I)f no judgment is taken against a resident defendant, the court loses venue as to the nonresident defendant(s). . . .'" *Collipp v. Newman,* 217 Ga. App. 674, 675 (458 SE2d 701) (1995).

Relying on *Motor Convoy v. Brannen,* 194 Ga. App. 795 (391 SE2d 671) (1990), the Wilkes County Superior Court concluded that plaintiff's filing of the amended complaint and consent judgment against American Honda in Wilkes County prevented venue from vanishing in Fulton County and, therefore, that the case should be transferred back to that county. Finding the circumstances presented in *Brannen* clearly distinguishable from those presented in the case at bar, we cannot agree.

In *Brannen,* noting that the controlling factor governing the retention of jurisdiction over a nonresident was the resolution of liability on the part of the resident, we held that the requirement that a judgment be entered against the resident joint tortfeasor could be satisfied by the entry of a consent judgment against that tortfeasor in the court presiding over his or her county of residence. Id. Implicit in this holding is the recognition that the resident tortfeasor must actually be a party to the lawsuit while the suit is pending in his or

her county of residence in order for a consent judgment to prevent venue from vanishing in that county. And in *Brannen*, because a final consent judgment had been entered against the resident joint tortfeasor in the court presiding over that tortfeasor's county of residence while that tortfeasor was still a party to the suit, we concluded that venue as to the nonresident joint tortfeasor had not vanished. Id.

In the instant case, however, no consent judgment ever was entered against American Honda in the State Court of Fulton County. And plaintiff's only attempt to enter such a judgment in that court was not made until several months after American Honda had been voluntarily dismissed from the lawsuit and the case had been transferred to Wilkes County. With the dismissal of American Honda, venue in Fulton County vanished because there was no longer any resident party defendant to be held liable in the case. See *Collipp*, 217 Ga. App. at 676. Consequently, at the time plaintiff attempted to have a consent judgment entered in Fulton County, the Fulton County State Court had properly transferred the case to Wilkes County. Id. In doing so, it also had lost jurisdiction over the lawsuit and, with it, the authority to entertain the filing of plaintiff's amended complaint and the consent judgment.[1]

While it is true that plaintiff eventually filed her amended complaint and the consent judgment in the Wilkes County Superior Court approximately seven months after dismissing her case against American Honda, as set forth above, at that time venue was properly in Wilkes County. And we know of no statutory or case law authorizing a court having proper venue over an action to transfer that action to another county based on the mere addition of a defendant to the lawsuit who resides in the other county and has agreed to have a judgment entered against it. Moreover, upon close review, we conclude that by its very nature the agreement between plaintiff and American Honda, which contemplated the filing of an amended complaint and acknowledgment of its service by American Honda after its dismissal from the case so that a consent judgment could be entered against it in the event that the Barnetts obtained an order transferring venue to another jurisdiction, amounts to no more than a creative attempt to keep American Honda in the case as a party defendant in name only for venue purposes. This cannot be allowed.

---

[1] This is so even though plaintiff and American Honda had the State Court of Fulton County enter a consent order on their behalf stating that it would reserve jurisdiction in the case for the limited purpose of entering a consent judgment in the event the case was transferred to another jurisdiction. Such a reservation constituted an improper and unenforceable attempt to have the State Court of Fulton County exercise jurisdiction in a case at a time when it no longer had the authority and ability to do so due to the case's transfer to and pendency in another forum.

See *Bell v. McDonald*, 117 Ga. App. 570, 571-572 (161 SE2d 432) (1968).

Accordingly, the Superior Court of Wilkes County's order transferring venue back to Fulton County must be reversed.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 9, 1997.

*Fain, Major & Wiley, Charles A. Wiley, Jr., Brian H. Alligood,* for appellants.

*Doffermyre, Shields, Canfield & Knowles, Foy R. Devine, Fowler & Wills, Samuel A. Fowler, Jr.,* for appellee.

