## A03A0603. NALLEY et al. v. BALDWIN et al.
### (583 SE2d 544)

MIKELL, Judge.

We granted this application for interlocutory appeal to determine whether a consent judgment entered against the sole resident defendant/joint tortfeasor amounts to a "discharge[ ] from liability" within the meaning of the amended venue statute, OCGA § 9-10-31 (b), thereby entitling the nonresident defendants/joint tortfeasors to transfer the action. Based on Supreme Court of Georgia authority and the expressed intent of the legislature in enacting subsection (b), we answer this question in the negative, vacate the trial court's order transferring the case to Douglas County, and remand for proceedings consistent with this opinion. The relevant facts follow.

Jeffery Garrett Nalley, a minor, through his parents, Donna Nalley and Jeffery Scott Nalley ("the Nalleys"), brought a pharmacy and medical malpractice action against Richard Lee Baldwin, M.D., Douglas Pediatrics Associates, P.C., and Eckerd Corporation. The suit was filed in Cobb County, where Eckerd maintains a registered agent. Baldwin resides in Douglas County, and Douglas Pediatrics maintains an office there. Ultimately, the Nalleys settled with Eckerd. In connection therewith, the Nalleys executed a settlement agreement and release, which provide that they "completely release and forever discharge from further liability Eckerd Corporation. . . ." However, instead of a dismissal, a consent judgment was entered against Eckerd. After the entry of judgment against Eckerd, Baldwin and Douglas Pediatrics moved to transfer the case to Douglas County. The trial court granted the motion, ruling that venue was no longer proper in Cobb County pursuant to OCGA § 9-10-31.

As amended in 1999, OCGA § 9-10-31 (b) provides in relevant part:

> If all defendants who reside in the county in which an action is pending are discharged from liability before the commencement of trial, a nonresident defendant may require that the case be transferred to a county and court in which venue would otherwise be proper.

The legislature added this provision to former OCGA § 9-10-31 in 1999 "to prevent the vanishing venue loophole by allowing for a pre-trial determination of venue."[1]

---

[1] Ellner, Civil Practice and Procedure Generally: Change Venue Provisions for Cases Involving Certain Joint or Joint and Several Defendants Residing in Different Counties; Provide for Transfer of Cases in Certain Specified Circumstances; Provide for the Burden and Standard of Proof on Venue Issues; Provide That Certain Pleading Requirements Are Not Altered or Amended, 16 Ga. St. U. L. Rev. 7, 10 (1999).

It is the intent of the General Assembly through this Act to provide for a fairer and more predictable rule of venue in actions involving joint or joint and several tortfeasors . . . residing in different counties; to establish venue in such actions prior to the commencement of trial in a manner that is fair and constitutionally sound; to eliminate the waste of time and resources to courts and parties under the vanishing venue doctrine; and to bring the law of venue into conformity with the language of Article [VI], Section II, Paragraph IV of the Georgia Constitution of 1983.[2]

The Nalleys argue that the entry of a consent judgment is not a discharge from liability within the meaning of the 1999 statute, and we agree. In *Motor Convoy v. Brannen*,[3] we held that the entry of a consent judgment against a resident joint tortfeasor was analogous to a finding of liability, so that the court was not divested of personal jurisdiction over the remaining defendant/nonresident joint tortfeasor.[4] "The controlling fact which governs the retention of jurisdiction over the non-resident is the legal resolution of liability on the part of the resident. Moreover, a consent judgment recognizes that a verdict against the resident defendant was authorized."[5] This holding was affirmed and reiterated by our Supreme Court.[6] Subsequently, in *Collipp v. Newman*,[7] we held that "[i]f no *judgment* is taken against a resident defendant, the court loses venue as to the nonresident defendants."[8]

All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law, . . . and their meaning and effect [are] to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts. Statutes are not understood to effect a change in the

---

[2] Ga. L. 1999, p. 734, § 2. The constitutional provision at issue recites that suits against joint tortfeasors residing in different counties may be tried in either county. Ga. Const. 1983, Art. VI, Sec. II, Par. IV.

[3] 194 Ga. App. 795 (391 SE2d 671), aff'd, 260 Ga. 340 (393 SE2d 262) (1990).

[4] *Motor Convoy*, supra, 194 Ga. App. at 796-797.

[5] (Citations and punctuation omitted.) *Tower Financial Svcs. v. Jarrett*, 199 Ga. App. 248, 249 (1) (404 SE2d 622) (1991).

[6] *Motor Convoy*, supra, 260 Ga. at 340.

[7] 217 Ga. App. 674 (458 SE2d 701) (1995).

[8] (Citation and punctuation omitted; emphasis supplied.) Id. at 675.

common law beyond that which is clearly indicated by express terms or by necessary implication.[9]

Following our mandate to reconcile new legislation with the common law, we hold that the entry of a consent judgment does not equate with a discharge from liability under OCGA § 9-10-31 (b), regardless of the wording of the settlement and release. Rather, we believe that the statute contemplates dismissal of the resident defendant/joint tortfeasor before the nonresident defendants/joint tortfeasors can require the trial court to transfer the action.[10] As the Nalleys have not dismissed Eckerd from the action, venue is still proper in Cobb County as to the claims against Baldwin and Douglas Pediatrics.

Baldwin and Douglas Pediatrics argue that because Counts 2, 3, and 4 of the amended complaint do not name Eckerd as a defendant, venue as to those counts is improper in Cobb County. That is incorrect. Under the rule announced in *Natpar Corp. v. E. T. Kassinger, Inc.*,[11] the trial court has the discretion to consider claims arising out of the same transaction, and "the exercise of that discretion should be based on applicable policy considerations, such as judicial economy, convenience to the litigants and witnesses, and fairness to the parties."[12] In the instant case, both parties addressed this issue, but the trial court failed to rule on it. Accordingly, we vacate and remand the case for proceedings consistent with this opinion.

*Judgment vacated and case remanded. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JUNE 17, 2003.

*Schulten, Ward & Turner, W. Scott Schulten, Wayne Grant, Kimberly W. Rabren*, for appellants.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Robert G. Tanner, Swift, Currie, McGhee & Hiers, John W. Campbell, Allen & Weathington, Paul E. Weathington, Kara A. Hicks*, for appellees.

---

[9] (Citations and punctuation omitted.) *Avnet, Inc. v. Wyle Laboratories*, 263 Ga. 615, 619-620 (2) (437 SE2d 302) (1993). The principle of vanishing venue was established 100 years ago. "[W]here suit is brought against two defendants, one of whom resides in the county, the court has no jurisdiction of the non-resident defendant *unless the resident codefendant is liable* in the action." (Emphasis supplied.) *Ross v. Battle*, 117 Ga. 877, 880 (45 SE 252) (1903).

[10] See *Barnett v. Quinn*, 227 Ga. App. 172, 175 (489 SE2d 68) (1997) (venue vanished with dismissal of resident defendant/joint tortfeasor).

[11] 258 Ga. 102 (365 SE2d 442) (1988).

[12] Id. at 104 (1).