**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 4, 2016**

# In the Court of Appeals of Georgia

A15A2099. HANKOOK TIRE CO. LTD. v. WHITE et al.

RAY, Judge.

Hankook Tire Co. Ltd. ("Hankook Tire") was granted an interlocutory appeal of the trial court's order denying their motion to transfer venue. For the following reasons, we find no error in the trial court's denial of the motion to transfer venue. Accordingly, we affirm.

Gilbert White and Karen Hansberry-White (collectively the "Whites") filed a negligence suit against The Lions Group, Inc., Hankook Tire, and various other defendants (collectively, the "Defendants") in Clayton County. The Whites alleged that Mr. White was injured when he lost control of the vehicle he was driving due to tread separation on one of the truck's tires.

During the course of litigation, the trial court granted summary judgment against the Whites in favor of some defendants, and the Whites voluntarily released all of the remaining Defendants, other than The Lions Group and Hankook Tire. Subsequently, the Whites and The Lions Group entered into a confidential settlement agreement, which included the entering of a consent judgement by the trial court against The Lions Group. The Lions Group is a Georgia Corporation with whom venue is proper in Clayton County , while Hankook Tire is a nonresident Korean corporation.

Hankook Tire now claims that venue is not proper in Clayton County as "[the Whites] entered into a collusive consent judgment with The Lions Group, specifically designed to avoid the effect of vanishing venue." Georgia follows the law of vanishing venue whereby "[i]f all defendants who reside in the county in which an action is pending *are discharged from liability*. . . a nonresident defendant may require that the case be transferred to a county and court in which venue would otherwise be proper." OCGA § 9-10-31 (d) (emphasis added). Previously, we have held that, "the entry of a consent judgment against a resident tortfeasor [is] analogous to a finding of liability, so that the court [is] not divested of personal jurisdiction over

the remaining defendant/nonresident joint tortfeasor." (Citation omitted.) *Nalley v. Baldwin*, 261 Ga. App. 713, 714 (583 SE 2d 544) (2003).

Our Supreme Court has held that the only exception to this general rule applies when the nonresident defendant can prove collusion. *Motor Convoy v. Brannen*, 260 Ga. 340, 340 (393 SE2d 262) (1990). Hankook Tire claims that the agreement between the Whites and The Lions Group was collusive because "they entered into the [c]onsent [j]udgment with the Lions Group precisely because it was the only resident defendant so that they would preserve their venue and trial date in Clayton County." Neither *Brannen* nor recent cases have provided us with an explanation of what collusion looks like. However, we can definitively state that collusion is not present here.

The consent judgment entered into between the Whites and The Lions Group is a legitimate judgment that imposes real liability on The Lions Group. The liability imposed is not nominal, but rather is a settlement over $500,000[1]. While it is true that the Whites entered into the consent judgment with the goal of retaining venue in Clayton County, if this were collusive, then arguably all consent judgments would be

---

[1]While the consent judgment entered by the trial court itself only details compensation of $5,000, the Whites have received The Lions Group's permission to disclose that the entire settlement amount was actually $500,000.

collusive.[2] In light of the lack of evidence, or even an allegation, that the Whites acted improperly with The Lions Group, we cannot say the consent judgment was entered into collusively.[3]

Therefore, the trial court did not err when it denied Hankook Tire's motion to transfer venue. The trial court's order is AFFIRMED.

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*

---

[2]Collusion generally requires evidence that the parties worked in concert in some fashion. Here, it doesn't appear that The Lions Group had any purpose to collude with the Whites. Rather, The Lions Group merely consented to the manner of settlement which the Whites negotiated.

[3]As we do not find collusion present here, it is not necessary for us to define collusion under these terms. It is enough for us to say that we can recognize collusion when we see it, and it is not present here.