**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 28, 2024**

# In the Court of Appeals of Georgia

A24A0694. SOBOWALE v. SMITH et al.

MARKLE, Judge.

Adewunmi Sobowale, Jr. , as the administrator of his deceased father's estate, appeals from the jury verdict in favor of Rebecca Edwards Smith in this wrongful death suit against a nursing facility and its physicians.[1] On appeal, Sobowale argues that the trial court erred by (1) denying his motion to transfer venue because, once Smith settled with the nursing home, venue was no longer proper in Liberty County, and (2) sealing the settlement agreement between Smith and the nursing center. For the reasons that follow, we affirm.

---

[1] For clarity, we refer to Sobowale, Jr. as Sobowale, and his father, Dr. Adewunmi Sobowale, Sr., as Dr. Sobowale.

The facts relevant to the issues on appeal are largely undisputed. In 2016, Patricia Edwards was admitted to Liberty Regional Medical Center's nursing facility, Coastal Manor in Liberty County. Dr. Adewunmi Sobowale, Sr., was Coastal Manor's medical director, and he treated Patricia while she was a resident there. When Dr. Sobowale was unavailable, Dr. Calin Badea provided medical care in his absence. Both Drs. Sobowale and Badea were residents of Bryan County.

During her stay at Coastal Manor, Patricia developed pressure sores that became infected. In early 2019, while Dr. Sobowale was away and Dr. Badea was treating the facility's residents, Patricia developed sepsis and was admitted to the hospital. She died shortly thereafter from the infection.

Patricia's daughter, Rebecca Edwards Smith, filed suit against Coastal Manor, its administrator, and Drs. Sobowale and Badea in the state court of Liberty County, alleging negligence, breach of the patient's bill of rights, and breach of contract. Smith reached a settlement with Coastal Manor, in which she agreed to release all claims against it, its non-physician staff, and its administrator in exchange for a substantial payment of damages. Per the terms of the confidential settlement, there would be a consent judgment allowing the suit to continue against the two physician defendants;

the administrator would be dismissed from the suit; and Coastal Manor would remain as a defendant in the caption to preserve venue in Liberty County, even though all the claims against it were resolved. The trial court entered the consent judgment, which included language that it "shall not be construed as a dismissal or a discharge of liability under OCGA § 9-10-31 (d), but instead as a legal resolution of alleged liability under *Nally v. Baldwin*, 261 Ga. App. 713 (2003)."

Thereafter, Dr. Sobowale moved to transfer venue and to have Smith produce a copy of the settlement agreement. Dr. Sobowale argued that the sole purpose of the consent judgment was to preserve jurisdiction in Liberty County, but that the reality was that the claims against the Liberty County defendants had been resolved. He noted that there was no mention of an amount of damages in the consent judgment and thus it could not be enforced.

After performing an in camera review of the settlement agreement, the trial court found no evidence of collusion as would be necessary to defeat venue in Liberty County, and that there was sufficient consideration given for the consent judgment. Accordingly, the trial court denied the motion to transfer venue.[2]

---

[2] The trial court reserved its ruling whether Smith had to produce a copy of the settlement. Dr. Sobowale requested a certificate of immediate review regarding the

At the conclusion of the trial, the jury found in Smith's favor and awarded $4.25 million in damages, apportioning thirty-five percent fault to Dr. Sobowale; five percent to Dr. Badea; and sixty percent to Coastal Manor. Dr. Sobowale filed his notice of appeal. Dr. Sobowale also requested access to the settlement agreement. The trial court determined that the settlement would remain under seal, but it supplemented the record so that the agreement would be part of the record on appeal.[3] Dr. Sobowale moved for reconsideration of that order, but the trial court denied the motion.

Thereafter, Dr. Sobowale died, and we remanded the case for appointment of a representative. After Sobowale was appointed the administrator of his father's estate and substituted as a party, the appeal was redocketed in this Court.

1. Sobowale argues that the trial court erred by denying the motion for change of venue because venue was no longer proper in Liberty County once Smith settled

trial court's order sealing the record, which the trial court denied.

[3] The parties apparently stipulated that the trial court complied with the requirements of Uniform Superior Court Rule 21 by considering Dr. Sobowale's request to access to the records during another hearing. Sobowale does not argue on appeal that the trial court failed to hold a hearing; rather, he challenges only the merits of the decision to seal the record.

the claims against Coastal Manor, as none of the remaining tortfeasors resided in that county. He contends that the consent judgment was collusive, as its sole purpose was to retain venue in Liberty County. He urges this Court to overturn *Hankook Tire Co. v. White*, 335 Ga. App. 453 (781 SE2d 399) (2016), in which this Court declined to hold that consent judgments entered into for the purpose of maintaining venue were collusive. We conclude that venue remained proper in Liberty County.

"We review a trial court's denial of a motion to transfer for abuse of discretion[.]" (Citations omitted.) *Rader v. Levenson*, 290 Ga. App. 227, 230 (1) (c) (659 SE2d 655) (2008).

The Georgia Constitution of 1983 Art. VI, Sec. II, Para. IV provides that the proper venue for an action that involves joint tortfeasors is in any of the counties in which a tortfeasor resides. See also OCGA § 9-10-31 (a). However,

> [i]f all defendants who reside in the county in which an action is pending *are discharged from liability* before or upon the return of a verdict by the jury or the court hearing the case without a jury, a nonresident defendant may require that the case be transferred to a county and court in which venue would otherwise be proper.

(Emphasis supplied.) OCGA § 9-10-31 (d). This statute is otherwise known as the "vanishing venue" statute. See *Hankook Tire Co.*, 335 Ga. App. at 453-454.

"[W]here suit is brought against two defendants, one of whom resides in the county, the court has no jurisdiction of the non-resident defendant *unless the resident codefendant is liable* in the action." (Emphasis supplied. ) *Ross v. Battle*, 117 Ga. 877, 880 (45 SE 252) (1903); see also *Hankook Tire Co.*, 335 Ga. App. at 454.[4] As we have explained, "[t]he controlling fact which governs the retention of jurisdiction over the non-resident is the legal resolution of liability on the part of the resident. That is the sine qua non for jurisdiction over the non-resident[.]" *Motor Convoy v. Brannen*, 194 Ga. App. 795, 796 (391 SE2d 671) (1990); see also *Nalley v. Baldwin*, 261 Ga. App. 713, 714 (583 SE2d 544) (2003). Moreover, "the entry of a consent judgment does not equate with a discharge from liability under OCGA § 9-10-31 (b), regardless of the wording of the settlement and release." *Nalley*, 261 Ga. App. at 714; see also *Collipp*

---

[4] Although Sobowale urges this Court to distinguish or disapprove *Hankook Tire Co.*, we see no basis for doing so. First, we cannot say that *Hankook Tire Co.* is distinguishable in any meaningful way, nor do we agree that it "limited itself to its facts," as Sobowale suggests. Second, our Supreme Court has held that jurisdiction remains over the nonresident tortfeasor in the absence of any collusion. See *Motor Convoy v. Brannen*, 260 Ga. 340 (393 SE2d 262) (1990). We lack the authority to disapprove the Supreme Court of Georgia's decision. See *Etkind v. Suarez*, 234 Ga. App. 108 (505 SE2d 831) (1998).

*v. Newman*, 217 Ga. App. 674, 675 (458 SE2d 701) (1995) ("because a final judgment had been entered against the resident joint tortfeasor, regardless of whether the judgment was by consent, venue did not vanish."). That is because "a consent judgment recognizes that a verdict against the resident defendant was authorized." *Motor Convoy*, 194 Ga. App. at 796.

Here, the settlement and release specifically provided that it was *not* a discharge of liability. And because the consent judgment imposed liability on Coastal Manor and did not dismiss that defendant from the case, venue remained in Liberty County.

"The only exception to the rule that a consent judgment against a tortfeasor preserves venue as to a nonresident joint tortfeasor applies when the nonresident defendant can prove collusion." *Hankook Tire Co.*, 335 Ga. App. at 454; see also *Motor Convoy v. Brannen*, 260 Ga. 340 (393 SE2d 262) (1990) (consent judgment does not divest court of jurisdiction over nonresident tortfeasor unless there has been collusion); *Carpenter v. McMann*, 341 Ga. App. 791, 794, n. 10 (802 SE2d 74) (2017). We have never defined "collusion" in this context. See *Hankook Tire Co.*, 335 Ga. App. at 454, n. 3 ("As we do not find collusion present here, it is not necessary for us to define collusion under these terms. It is enough for us to say that we can recognize

7

collusion when we see it, and it is not present here."). In general, collusion is defined as "[a]n agreement to defraud another or to do or obtain something forbidden by law." Black's Law Dictionary (12th ed. 2024).

In this case, we agree with the trial court that there was no collusion here. The trial court had the settlement agreement before it and could review its terms, as can we. Having done so, we now conclude that the trial court did not abuse its discretion. Although the consent judgment did not specify an amount of damages because the settlement was intended to be confidential, our review confirms that there was a substantial payment, and thus the consent judgment "is a legitimate judgment that impose[d] real liability" on Coastal Manor. *Hankook Tire Co.*, 335 Ga. App. at 454. The fact that the parties used the consent judgment to keep the amount of settlement confidential and maintain jurisdiction in Liberty County does not require that we find collusion. Coastal Manor was an integral defendant in the case rather than being named a defendant simply to establish venue. See, e. g., *Carpenter v. McMann*, 304 Ga. 209, 212 (I) (817 Se2d 686) (2018) (finding no evidence of collusion where defendant was "an integral player in the accident at issue" and there was no evidence defendant was included in suit to evade venue). Additionally, as the trial court properly found,

8

there was adequate consideration for the agreement. There is simply no evidence of any conduct that amounts to collusion. As such, the trial court did not abuse its discretion by so finding and thus denying the motion for change of venue.

2. Sobowale next argues that the trial court erred by sealing the settlement agreement and denying him the ability to review it, preventing him from showing the consent judgment was collusive, and impairing his constitutional right to be tried in the proper venue. We conclude this question is not properly before us.

In April 2022, Dr. Sobowale filed a request to produce, seeking access to the settlement agreement, to which Smith objected. The trial court reviewed the agreement in camera, denied the pending motions to transfer venue, and reserved ruling on the request to produce. After the jury returned its verdict and the trial court entered judgment, Dr. Sobowale filed a timely notice of appeal, and the case was docketed here in November 2022. While that case was pending appeal, Dr. Sobowale filed a motion to supplement the record on appeal with the settlement agreement. The trial court supplemented the record with the sealed agreement.

In February 2023, Dr. Sobowale filed a motion for reconsideration and for "full compliance with Uniform Superior Court Rule 21" regarding his motion to produce

the settlement and the trial court's decision to seal the record. The trial court then addressed the confidentiality of the record at a hearing, and issued an order denying the motion for reconsideration in November 2023. Sobowale filed a renewed notice of appeal that same month.

Given this procedural posture, the trial court's failure to order Smith to produce the settlement is not properly before us. First, we lack jurisdiction to review the denial of the motion for reconsideration. *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985). A motion for reconsideration is not subject to direct appeal, and it does not extend the time in which to file a notice of appeal. See *Ferguson v. Freeman*, 282 Ga. 180, 181 (1) (646 SE2d 65) (2007). Thus, the renewed notice of appeal, filed more than a year after the jury's verdict and entry of judgment, was insufficient to confer jurisdiction on this Court for those orders that post-dated the original notice of appeal, and it did not authorize us to exercise jurisdiction over the motion for reconsideration. Id.; see also *Savage*, 173 Ga. App. at 271.

Moreover, at the time of the original appeal, the trial court had not ruled on the motion to produce the settlement agreement, leaving no ruling for this Court to review in that pending appeal. *Stanley v. Govt. Employees Ins. Co.*, 344 Ga. App. 342, 346 (2)

(810 SE2d 179) (2018). At most, the trial court implicitly denied the motion in its order supplementing the record with the settlement agreement under seal. But even if we construe that as an order denying the motion to produce or to unseal, an appeal from the denial of that motion must be brought by interlocutory application. See *In re Atlanta Journal-Constitution*, 269 Ga. 589 (502 SE2d 720) (1998); see also Uniform Superior Court Rule 21.4. As a result, we do not reach this enumeration of error.

*Judgment affirmed. Land, J., concurs. Miller, P. J., concurs in Division 1 and concurs in judgment only in Division 2.*